# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIONAL AUTOMATIC SPRINKLER | : | |
| INDUSTRY APPRENTICE AND | : | |
| TRAINING FUND, | : | |
|        Plaintiff, | : | Civil No. 3:10-cv-252 (CSH) |
| | : | |
|        v. | : | |
| | : | |
| H.G. SPRINKLERS, INC., | : | |
|        Defendant. | : | |

## RULING ON MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiff National Automatic Sprinkler Industry Apprentice and Training Fund ("Fund"),

an employee welfare benefit plan that funds apprentice, training and education programs,

commenced this action to collect contributions owed to it by Defendant H.G. Sprinklers, Inc., a

signatory to a collective bargaining agreement which requires Defendant to make contributions to

the Fund based upon hours worked by covered employees.  A payroll examination covering the

period from January 1, 2006 to June 30, 2009 showed that $11,894.40 in unpaid contributions

were due to the Fund.  Under the terms of the collective bargaining agreement, the Fund is

entitled to payment of such delinquent contributions, plus interest and liquidated damages for

each delinquency, as well as reasonable attorney's fees and costs.

On June 14, 2010, default was entered pursuant to Federal Rule of Civil Procedure 55(a)

against Defendant H.G. Sprinklers, Inc. for failure to appear or otherwise defend.  [Doc. 7]  On

June 28, 2010, Plaintiff moved pursuant to Rule 55(b) for default judgment against Defendant in

the amount of $22,391.77, representing $17,391.77 in unpaid contributions, liquidated damages,

and interest calculated through June 30, 2009, plus $5,000.00 in attorney's fees and costs

incurred in efforts to collect the delinquent payments.  [Doc. 8]

On October 22, 2010, Plaintiff's Motion for Default Judgment was granted absent objection. [Doc. 9]  The Court concluded that Plaintiff had submitted the requisite affidavit and documentation supporting its claim for $17,391.77 in unpaid contributions, liquidated damages, and interest through June 30, 2009, all of which constituted a sum certain calculated pursuant to the terms of the collective bargaining agreement.  Therefore, default judgment entered against Defendant H.G. Sprinklers, Inc. in the amount of $17,391.77, plus statutory interest pursuant to 28 U.S.C. § 1961, to accrue on the amount of the judgment from the date that judgment was entered.

However, Plaintiff's request for an additional $5,000.00 in damages, representing its attorney's fees and costs, was denied without prejudice to re-filing, because Plaintiff provided no documentation whatsoever regarding those attorney's fees and thus no basis upon which the Court could conduct a Rule 55(b)(2) analysis and determine whether the proposed damages seeking to recover those fees were reasonable.  *See Ace Grain Co. v. American Eagle Fire Ins. Co.*, 11 F.R.D. 364, 366 (S.D.N.Y. 1951) (attorney's fees are not a sum certain because a judicial determination is required as to what constitutes reasonable fees).  The Court ordered that any renewed motion for fees and costs be accompanied by contemporaneous time records that comply with the Second Circuit's requirements articulated in *New York Ass'n. of Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Plaintiff now seeks default judgment against Defendant H.G. Sprinklers, Inc. for attorney's fees and costs in the amount of $4,580.37.  The Court has reviewed the affidavits and documentation, including counsel's contemporaneous time records, which are appended to Plaintiff's renewed motion, and finds the fees to be reasonable in light of the work performed.

The hourly rates of the attorneys who worked on this matter, which range from $200 per hour to $410 per hour, are also reasonable.

Therefore, Plaintiff's renewed motion for default judgment for attorney's fees and costs [Doc. 11] is GRANTED, and default judgment for attorney's fees and costs shall enter against Defendant H.G. Sprinklers, Inc. in the amount of **$4,580.37**, plus statutory interest pursuant to 28 U.S.C. § 1961, to accrue on the amount of the judgment from the date that judgment is entered. It is important to note that this amount is in addition to the $17,391.77 default judgment that was previously entered, and does not replace, render void, or in any way affect the prior judgment.

SO ORDERED.

Dated at New Haven, Connecticut, February 25, 2011.

/s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge